

FILED & ENTERED

NOV 05 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

|  |  |
|---|---|
| In re:    Mary Katheryn Bryant,<br>Debtor. | Case No.:    2:13-bk-39363-ER<br>Chapter:    7<br><br>**MEMORANDUM OF DECISION DENYING DEBTOR'S MOTION TO AVOID LIEN [DOC. NO. 59]**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

On September 24, 2019, the Court entered a memorandum of decision (the "Memorandum of Decision")[1] and accompanying order[2] granting in part the motion of MCT Group, Inc. ("MCT") for reconsideration of an order avoiding MCT's lien (the "Lien Avoidance Order")[3] against real property located at 17519 Bauchard Court, Carson, CA 90746 (the "Property"). The Court vacated the Lien Avoidance Order and set a briefing schedule on the Debtor's motion to avoid MCT's lien (the "Lien Avoidance Motion").[4] The Court has reviewed the briefing submitted in connection with the Lien Avoidance Motion, and finds the matter to be suitable for disposition without oral argument, pursuant to Civil Rule 78(b) and LBR 9013-1(j)(3).[5] For the reasons set forth below, the Lien Avoidance Motion is DENIED.

---

[1] *See* Memorandum of Decision (1) Granting Motion for Reconsideration in Part, (2) Vacating Lien Avoidance Order, and (3) Setting Briefing Schedule on Debtor's Motion to Avoid MCT's Lien [Doc. No. 101].

[2] *See* Order (1) Granting Motion for Reconsideration in Part, (2) Vacating Lien Avoidance Order, and (3) Setting Briefing Schedule on Debtor's Motion to Avoid MCT's Lien [Doc. No. 102].

[3] *See* Order Granting Debtor's Motion to Avoid Lien Under 11 U.S.C. § 522(f) (Real Property) [Doc. No. 71].

[4] *See* Debtor's Notice of Motion and Motion to Avoid Lien Under 11 U.S.C. § 522(f) (Real Property) [Doc. No. 59].

[5] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local

## I. Facts and Summary of Pleadings

The only issue in dispute is the value of the Property as of December 16, 2013, the date of the filing of Debtor's voluntary Chapter 7 petition (the "Petition Date"). MCT asserts that the Property was worth $395,000 as of the Petition Date. MCT supports its valuation with the broker's price opinion of Justin Bonney (the "BPO"). Debtor contends that the Property was worth $289,106 as of the Petition Date. Debtor's valuation is based upon the Property's 2013 tax assessment.

## II. Findings and Conclusions
### A. The Property Was Worth $395,000 as of the Petition Date

The Court finds that the BPO provides a more reliable indication of the Property's value than the 2013 tax assessment. In California, tax assessments provide limited insight into a Property's value because assessed values cannot increase by more than 2% per year. *See* California Constitution, Art. XIIIA, § 2(b). An exception to this assessment limitation is that a change of ownership triggers a reassessment up to current appraised value. *Id.* at § 2(a).

The Property was last sold on July 20, 2010. The sales price was $275,000. As a result of the 2% annual limit on increases in the assessment, the 2013 tax assessment more closely reflects the Property's value in 2010 than its value in 2013.

The Court finds that the BPO provides an accurate indication of the Property's value as of the Petition Date. Justin Bonney, who prepared the BPO, has ten years of experience as a real estate broker and seventeen years of experience in real estate sales. Bonney's estimate of value is based upon three comparable sales that occurred during the fourth quarter of 2013. The comparables are sufficiently similar to the Property to provide a reliable indication of value. All of the comparables were constructed in 1966, the same year that the Property was constructed. The comparables are located in the same neighborhood as the Property. Two of the comparables have the exact same square footage as the Property (1,568 square feet); the third comparable has a similar square footage (1,472 square feet). The lot sizes of the comparables are similar to that of the Property. To reflect the very minor differences between the comparables and the Property, Bonney performed appropriate adjustments to arrive at an adjusted comparable price. Based upon the BPO prepared by Bonney, the Court finds that the Property was worth $395,000 as of the Petition Date.[6]

Debtor disputes the comparables selected by Bonney. According to the Debtor, the interiors of the comparables are superior to the interior of the Property. This assertion regarding the comparables is presented as argument in the Debtor's briefing, and is not supported by a declaration signed under penalty of perjury.

Local Bankruptcy Rule 9013-1(i) provides:

> Factual contentions involved in any motion, opposition or other response to a motion, or reply, must be presented, heard, and determined upon declarations and other written evidence. The verification of a motion is not sufficient to constitute evidence on a motion, unless otherwise ordered by the court.

---

Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

[6] The BPO provides that the Property was worth between $390,000 and $400,000 as of the Petition Date. The Court values the Property at the midpoint of the valuation range.

There is no admissible evidence in support of the Debtor's contention that the comparables chosen by Bonney are in superior condition to the Property. The Debtor's objection to the selection of comparables is overruled.

### B. MCT's Judgment Lien Does Not Impair the Debtor's Exemption

MCT recorded an abstract of judgment against the Debtor on October 9, 2012, which gave rise to a judgment lien (the "Judgment Lien") against the Property. MCT's Judgment Lien does not impair the Debtor's exemption.

"Section 522(f)(2) provides a formula for calculating the extent to which a lien impairs an exemption: add the lien, all other liens on the property, and the 'amount of the exemption that the debtor could claim if there were no liens on the property' and then subtract from that amount the value of the debtor's interest in the property in the absence of any liens." *Katz v. Pike (In re Pike)*, 243 B.R. 66, 71 (B.A.P. 9th Cir. 1999).

Here, Debtor's homestead exemption is $100,000. The sum of MCT's Judgment Lien, all other liens against the Property, and the Debtor's homestead exemption is $391,223.70 ($268,002 for the First Deed of Trust held by Bank of America plus $23,221.72 for MCT's Judgment Lien plus $100,000 for the Debtor's homestead exemption). Subtracting the Property's value of $395,000 from this sum shows that the Debtor's exemption is not impaired. Therefore, the Debtor is not entitled to avoid the Judgment Lien under § 522(f).

## III. Conclusion

Based upon the foregoing, the Lien Avoidance Motion is **DENIED**. The Court will enter an order consistent with this Memorandum of Decision.

###

Date: November 5, 2019

Ernest M. Robles
United States Bankruptcy Judge